# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COMPSOURCE OKLAHOMA, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-08-469-KEW |
| BNY MELLON, N.A. and THE BANK OF NEW YORK MELLON CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Transfer Venue to the Western District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) filed January 30, 2009 (Docket Entry #37). After the granting of an extension to do so, Plaintiff has responded and Defendants have replied. Upon review of the filings of the parties, this Court renders this ruling.

Plaintiff, a workers' compensation insurance company, commenced this putative class action in this District on December 19, 2008. Plaintiff alleges it entered into a securities lending agreement with Defendant BNY Mellon, N.A. ("BNY"), which took certain securities owned by Plaintiff and lent them to third parties in exchange for cash collateral in an amount that exceeded the value of the securities loaned. BNY is alleged to then have aggregated the cash into a collective investment vehicle. In exchange, Plaintiff received a pro rata share of all returns earned

on this vehicle. BNY allegedly invested a portion of the cash collateral in medium term notes issued by Sigma Finance, Inc., an entity which subsequently entered receivership. Plaintiff seeks certification of a class against Defendants to include those investors described as "all participants in Defendants' securities lending program who, through one or more of the collective investment vehicles managed by Defendants or their affiliates, incurred losses relating to investments in medium-term notes of Sigma Finance, Inc." Plaintiff asserts claims on behalf of the putative class, alleging BNY's failure to sell the notes prior to Sigma's receivership constituted a breach of its fiduciary duty, negligence, and a breach of the securities lending agreement.

Through their Motion, Defendants contend that this action should be transferred to the United States District Court for the Western District of Pennsylvania under the authority of 28 U.S.C. § 1404(a). This statute provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. § 1404(a). None of the parties contend venue is improper in either the Western District of Pennsylvania or the Eastern District of Oklahoma. By separate motion, Defendant Bank of New York Mellon Corporation seeks dismissal of the claims against it, contending this Court lacks *in personam* jurisdiction over it. Defendant BNY Mellon, N.A.

does not make a similar challenge to the propriety of general or specific jurisdiction in either venue has been asserted.

The moving party bears the burden of establishing that the action should be transferred because the existing forum is inconvenient. Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir. 1978). The decision to transfer is discretional and must be made in accordance with individualized, case-by-case consideration of convenience and fairness. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). Factors to be considered are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine the questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.
>
> Id. citing Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967).

This Court begins from the position that a plaintiff is the master of its own lawsuit, at least insofar as choice of venue is concerned. Typically, a plaintiff is given wide latitude in choosing a particular forum for commencing and prosecuting an action. See, Chrysler Credit Corp., 928 F.2d at 1515; Texas Gulf Sulphur Co., 371 F.2d at 147; Headrick v. Atchison, T.& S.F.Ry.,

3

182 F.2d 305, 310 (10th Cir. 1950). However, Plaintiff's position of supremacy is not absolute. "[W]here the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight." Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F.Supp. 667, 669 (D.Kan. 1993) citing Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 990 (E.D. N.Y. 1991); *see also*, ROC, Inc. v. Progress Drillers, Inc., 481 F.Supp. 147, 151 (W.D. Okla. 1979).

Defendants first contend Plaintiff's choice of forum should be afforded little if any deference in the analysis since (1) the alleged wrongful conduct occurred outside of the Eastern District of Oklahoma; (2) Plaintiff does not maintain a presence in this District; and (3) this is a class action. This Court must begin its analysis with a realization of the premise of Defendants' motion - namely, that the action should be transferred to the Western District of Pennsylvania on the basis of convenience. Defendants' motion is **not** a request to transfer the action to any of the other two federal districts within the State of Oklahoma. Therefore, the fact that conduct may have occurred in Oklahoma City, which is apparently Plaintiff's base of operations or Tulsa, a city in which Plaintiff also maintains a presence rather than this District has little bearing upon whether the Western District of Pennsylvania is a more convenient forum for this action.

4

With this foundation in mind, Plaintiff contends through the declaration of its Chief Financial Officer, Steve Hardin that Defendant traveled to meet with Plaintiff's Investment Committee and Board of Directors in relation to the securities lending program or training of Plaintiff's financial services staff on at least four occasions. These meetings are said in the declaration to have occurred at Plaintiff's offices "in Oklahoma," which is presumably to say its principal place of business in Oklahoma City. Therefore, it can be presumed at this stage of the litigation that discussions and representations were made during these meetings which would bear upon Plaintiff's claims in this litigation.

Plaintiff's lack of a presence in this District has also been challenged as a basis to disregard Plaintiff's choice of forum. Again, from the evidence presented in Mr. Hardin's declaration, Plaintiff is a workers' compensation insurance company which has some 3,461 policyholders in this District and many more statewide. Plaintiff collects premiums from these policyholders and provides benefits in accordance with the issued policies. With such a pervasive presence throughout the State of Oklahoma, Plaintiff maintains a sufficient presence in this District, to the extent such a presence is indeed relevant or necessary in order to consider Plaintiff's choice of forum.

Defendants also contend the fact this case is filed as a class action should dissuade consideration of this District as

Plaintiff's choice of forum. Defendants assert the size of the potential class would overwhelm this District's resources. Class certification is a substantial hurdle which has yet to be overcome by Plaintiff. Additionally, as with any other federal district in the United States, this Court will be provided with sufficient resources - either from the government or the parties - to accommodate Plaintiff's putative class should it be necessary and required to do so. As a result, Plaintiff's choice of forum is considered favorably in the Chrysler analysis.

The next consideration in the forum evaluation is the accessibility of witnesses and other evidence, including the availability of compulsory process. Defendants, through the affidavit of Kathy H. Rulong, Executive Director of Global Securities Lending for BNY Mellon Asset Servicing, have identified its potential witnesses as current and former employees. Ms. Rulong specifically identifies six officers residing in the Pittsburgh, Pennsylvania area "who will likely have information relevant to this matter." This Court is somewhat at a loss to ascertain with any degree of certainty from Ms. Rulong's affidavit as to the nature and necessity of the testimony of these witnesses or their unwillingness to come to any trial of this case as is required in the analysis of the accessibility of witnesses. Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992). While this Court agrees with Defendants that a great degree of specificity as

to the testimony to be elicited from potential witnesses is not required at this stage, some evidence bearing upon the issue of the inaccessibility of these witnesses is required. Moreover, since Defendants' identified witnesses are employees of Defendants, the weight of their "unwillingness" to travel to this District for trial is lessened.

Plaintiff contends all of its potential witnesses reside in Oklahoma – but not necessarily in this District. Through Mr. Hardin's affidavit, Plaintiff has provided evidence that the transfer of this case to Pennsylvania will merely shift the potential inconvenience of witnesses from Defendants to Plaintiff, a result which does not justify a transfer of venue. Scheidt, 956 F.2d at 966.

With regard to documentary evidence, it appears a substantial amount of evidence of this nature is located in both forums. However, as Defendants indicate, this factor and the associated cost of production has, at best, become somewhat neutral in light of the availability and relative ease of the electronic transfer of documents from one locale to another.

Much has been made in the briefing and historically of the relative speed with which this District dispatches with cases after filing as compared to other federal districts. While this factor is certainly relevant to the venue evaluation under § 1404(a), this Court does not promote the notion of forum shopping based merely on

case statistics. However, it is a stated and valid motivation for Plaintiff to have chosen this venue over the Western District of Pennsylvania based upon the current state of the caseload. This, of course, does not guarantee that a putative class action of the nature filed by Plaintiff will enjoy the same quick resolution.

With regard to having a local court determine local issues of law, the parties appear to agree that the securities lending agreement between them contains an Oklahoma choice of law provision. Other agreements which have some bearing upon Plaintiff's claims may or may not have such a provision. While any court in the nation can competently determine Plaintiff's claims under Oklahoma law, the familiarity of this Court with these laws and the attendant case authority interpreting them may necessarily be greater than with a court such as that in Pennsylvania. This factor would weigh in favor of the case remaining in this District.

This Court finds little relevance in the Chrysler factors related to the enforceability of any judgment, relative advantages and obstacles to a fair trial, and conflicts of laws. As a result, while the factors were considered, they were not found to carry any weight in the analysis of the more convenient forum for this action.

Upon examination of the factors relevant to the transfer of venue of this case to the Western District of Pennsylvania, this Court finds the majority of such factors weigh in favor of this

action remaining in the Eastern District of Oklahoma. As a result, Defendants' request to transfer the action based upon *forum non conveniens* will be denied. This decision, of course, will have no affect upon Defendant Bank of New York, Mellon Corporation's pending request for dismissal on jurisdictional grounds, which will be ruled upon by separate Order.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer Venue to the Western District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) filed January 30, 2009 (Docket Entry #37) is hereby **DENIED**.

IT IS SO ORDERED this 28th day of April, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE