## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMPSOURCE OKLAHOMA,<br>Individually and on behalf of all others similarly situated,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>BNY MELLON, N.A.,<br><br>　　　　*Defendant*. | Civil Action No. 08-469-KEW |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## BASED ON PLAINTIFF'S LACK OF CAPACITY TO SUE IN FEDERAL COURT
## AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 56(b) and (c)(1)(A), and Local Civil Rule 56.1, Defendant BNY Mellon, N.A. ("BNYM"), by and through its undersigned counsel, hereby submits its Motion for Summary Judgment and Brief in Support, based on Plaintiff's lack of capacity to sue in federal court.

## PRELIMINARY STATEMENT

Plaintiff CompSource Oklahoma ("CompSource") is a state entity that was created by the Oklahoma legislature in 1933. *See* 85 Okla. St. Ann. § 131 *et seq.* As a state entity, CompSource has only the authority delegated to it under its governing statute. CompSource's governing statute provides that CompSource may "*sue and be sued in all the courts of the state*, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with CompSource Oklahoma, and administer, manage, or conduct all the business and affairs relating thereto." 85 Okla. St. Ann. § 133(1) (emphasis added). By the plain language of this

statute, CompSource may bring suit *only* in Oklahoma state courts.  CompSource does not have statutory authority to file suit in federal court.  CompSource therefore lacks capacity under Federal Rule of Civil Procedure 17(b) to maintain this lawsuit, which Plaintiff filed in federal court on December 19, 2008.  Because there is no genuine issue of material fact as to CompSource's lack of capacity to maintain this action in federal court, BNYM is entitled to summary judgment.[1]

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Plaintiff CompSource is an Oklahoma state entity created by statute. Complaint ¶ 11; 85 Okla. St. Ann. § 131; *see also* Decl. of Weldon Stout, Ex. A, Robbin Parrish (CompSource 30(b)(6) designee) Dep. Tr. 67:5-7 ("Q. CompSource is a statutorily created entity, correct?  A. Yes.").

2.    CompSource's capacity to file this lawsuit in federal court is governed by Oklahoma law.  *See* Fed. R. Civ. P. 17(b).

3.    The Oklahoma legislature has conferred on CompSource the authority to "sue and be sued in all the courts of the state, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with

---

[1] BNYM moves for summary judgment at this time only on the issue of Plaintiff CompSource Oklahoma's capacity to bring and maintain this action in federal court.  BNYM reserves its rights to move for summary judgment at a later date on any additional grounds, in accordance with the Scheduling Order in this case.  *See* Dkt. # 86, Joint Discovery and Scheduling Plan No. 1, at ¶ 12 (Aug. 25, 2009).  If the Court believes that amendment of the Scheduling Order is necessary to entertain this limited motion at this time, BNYM respectfully requests that the Court consider this a request for such an amendment.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Good cause exists for amending the Scheduling Order to consider the instant motion for summary judgment because the motion, if granted, will dispose of this litigation, thereby conserving the resources of both the Court and the parties.  *See, e.g.*, *City of Chanute, Kan. v. Williams Natural Gas Co.*, 743 F. Supp. 1437, 1443 (D. Kan. 1990) (finding that "good cause has been shown for modifying [the] scheduling order" because such modification to allow the filing of summary judgment motions "serves the purpose of conservation of court resources").

CompSource Oklahoma, and administer, manage, or conduct all the business and affairs relating thereto."  85 Okla. St. Ann. § 133(1); *see also* Stout Decl. Ex. B, April 28, 1999 Brief of State Insurance Fund at 3, *State Ins. Fund. v. Ace Transportation, Inc.*, No. 98-6368 (10th Cir. 1999) (citing § 133 as the source of CompSource Oklahoma's "power to sue and be sued").

      4.    Plaintiff CompSource filed this lawsuit in federal court, suing Defendant for damages, on December 19, 2008.  *See* Complaint ¶ 102.

<u>**ARGUMENT**</u>

**I.   BNYM Is Entitled to Summary Judgment Because CompSource Lacks Capacity Under Rule 17(b) to Bring Suit in Federal Court**

      Under Federal Rule of Civil Procedure 17(b), CompSource's capacity to sue in federal court is determined "by the law of the state where the court is located" – in this case, Oklahoma.  *See* Fed. R. Civ. P. 17(b).  A party's lack of capacity to sue under Federal Rule of Civil Procedure 17(b) is properly raised on a motion for summary judgment.  *See Olympic Coast Investment, Inc. v. Seipel*, 208 Fed. Appx. 569, 570, 2006 WL 3431874, *1 (9th Cir. Nov. 29, 2006) (reviewing "district court's grant of summary judgment for lack of capacity under Rule 17(b)"); *Steed v. Warrior Capital, LLC*, 2007 WL 3357415, *1 (W.D. Okla. Nov. 7, 2007) (addressing motion for summary judgment on the grounds that plaintiffs lack the legal capacity under Fed. R. Civ. P. 17(b) to assert their claims in Oklahoma); *Burton v. Hamilton County Juvenile Court*, 2006 WL 91600, *5 (S.D. Ohio Jan. 11, 2006) (granting motion for summary judgment on the basis of lack of capacity under Fed. R. Civ. P. 17(b)); *Johnston v. Fancher*, 447 F. Supp. 509, 511 (W.D. Okla. 1977) (granting motion for summary judgment because

"no genuine issue of material fact exists as to Plaintiff's lack of capacity to bring this action").

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).[2] Where the unresolved issues are legal, rather than factual, in nature – such as questions of statutory construction – summary judgment is appropriate. *State of Okl. ex rel. Dept. of Human Services v. Weinberger*, 741 F.2d 290, 291 (10th Cir. 1983) ("[Q]uestions of statutory construction and legislative history . . . present legal questions properly resolved by summary judgment."); *see also Koehn v. Indian Hills Comm. College*, 371 F.3d 394, 396 (8th Cir. 2004) ("Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."). Here, there is no genuine issue of material fact as to CompSource's lack of statutory capacity to file suit in federal court. BNYM is therefore entitled to summary judgment.

## A. The Plain Language of 85 Okla. St. Ann. § 133 Only Grants CompSource Authority to Sue in Oklahoma State Courts

CompSource Oklahoma, also referred to as the "State Insurance Fund," was created in 1933 by the Oklahoma legislature to "insur[e] employers against liability for compensation . . . and for assuring for the persons entitled thereto compensation provided by the workers' compensation law." 85 Okla. St. Ann. § 131; *see also id.* §§ 131-154.

---

[2] A "party may move for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(c)(1)(A).

As a state entity, CompSource has only the power expressly delegated to it by the State Legislature. *See Strong v. Oklahoma Police Pension & Retirement Bd.*, 115 P.3d 889, 893 n.6 (Okla. 2005) ("An agency created by statute may not expand its powers on its own authority."); *Henderson v. Maley,* 806 P.2d 626, 633 n.7 (Okla. 1991) ("[A]n administrative agency does not have the authority to make rules which, in effect, extend their power beyond that granted by statute, or to act contrary to the statute which is the source of its authority."); *Matador Pipelines, Inc. v. Oklahoma Water Resources Bd.*, 742 P.2d 15, 16 (Okla. 1987) ("Administrative agencies may only exercise powers granted by the legislature in the statutes."); *Boydston v. Oklahoma*, 277 P.2d 138, 142 (Okla. 1954) ("It is a generally accepted rule, and we think a wholesome one, that Boards created by statute may only exercise the powers granted by statute."); *see also O.K. Const. Co. v. Burwell*, 185 P.2d 1092, 1094 (1939) (describing the State Insurance Fund as a "department created for a fixed and limited purpose").

The authority granted to CompSource by the Oklahoma legislature is found in Chapter 7 of Title 85 of the Oklahoma Statutes. *See* 85 Okla. St. Ann. §§ 131-154; *O.K. Const. Co. v. Burwell*, 185 P.2d at 1094 (noting §§ 131-134 "fix the powers and duties of the Insurance Fund"); *see also* Stout Decl. Ex. A, Robbin Parrish (CompSource 30(b)(6) designee) Dep. Tr. 68:6-11 ("Q. Exhibit 5 [§§ 131-154], are these the statutory provisions that set out CompSource's authority to act? . . . [Objection omitted] A. Yes.").

CompSource's capacity to sue (and be sued) is set forth in 85 Okla. St. Ann. § 133(1), which states that CompSource "***may sue and be sued in all the <u>courts of the state</u>***, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with CompSource Oklahoma, and administer,

manage, or conduct all the business and affairs relating thereto."  85 Okla. St. Ann. §

133(1) (emphasis added); Stout Decl. Ex. B, April 28, 2009 Brief of State Insurance

Fund at 3, *State Ins. Fund. v. Ace Transportation, Inc.*, No. 98-6368 (10th Cir. 1999)

(citing § 133 as the source of CompSource Oklahoma's "power to sue and be sued").

By its plain language, Section 133(1) makes clear that CompSource may bring

suit *only* in Oklahoma state court.  *Cf. Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th

Cir. 1986) ("It is a well established law of statutory construction that, absent ambiguity or

irrational result, the literal language of a statute controls."); *Keating v. Edmonson*, 37

P.3d 882, 888 (Okla. 2001) ("A cardinal precept of statutory construction is that where a

statute's language is plain and unambiguous, and the meaning clear and unmistakable,

no justification exists for the use of interpretative devices to fabricate a different

meaning."); *In re Protest of Betts Telecom Oklahoma, Inc.*, 178 P.3d 197, 199 (Okla.

Civ. App. 2008) ("Fundamental to statutory construction is to ascertain and give effect to

legislative intent.  Legislative intent is determined by the plain language of a statute, and

if the language is clear, there is no need for construction.") (quotations omitted).

That Section 133(1)'s reference to "all the courts of the state" refers to Oklahoma

state courts has twice been confirmed by the Oklahoma Supreme Court.  *See State ex

rel. Wright v. Oklahoma Corp. Com'n*, 170 P.3d 1024, 1034 n.15 (Okla. 2007) ("[T]he

State Insurance Fund (CompSource Oklahoma) is an entity that possesses statutory

authority to sue and be sued in ***state courts***.") (emphasis added); *State ex rel. State

Ins. Fund v. JOA, Inc.*, 78 P.3d 534, 537 (Okla. 2003) ("The State Insurance Fund

possesses statutory authority to sue and be sued in ***state courts***") (emphasis added).

Because the Oklahoma legislature granted CompSource the authority to sue only in Oklahoma state courts, CompSource lacks the authority to sue in *federal court*. Accordingly, CompSource lacks capacity under Federal Rule of Civil Procedure 17(b) to maintain this action, and BNYM is therefore entitled to judgment as a matter of law.[3]

## CONCLUSION

For the foregoing reasons, Defendant is entitled to summary judgment.

Dated:  February 1, 2010

Respectfully submitted,

**WRIGHT, STOUT & WILBURN, PLLC &
BOIES, SCHILLER & FLEXNER LLP**

*Attorneys for Defendant*

By:___/s/  Weldon Stout_____
Weldon Stout, Esq. (OBA 8673)
Ron Wright, Esq. (OBA 9912)
WRIGHT, STOUT & WILBURN, PLLC
300 West Broadway; P.O. Box 707
Muskogee, Oklahoma 74402-0707
Tel. (918) 682-0091; Fax (918) 683-6340

*and*

Damien J. Marshall, Esq.
dmarshall@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301-2211
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022

---

[3] As demonstrated in this motion, CompSource's lack of capacity to bring suit in federal court warrants dismissal of its claims.  CompSource also lacks statutory authority to serve as a putative class representative or pursue legal claims for any party other than itself (in either state or federal court).  Should the Court not grant the instant motion for summary judgment, BNYM reserves all rights to challenge class certification on this and other grounds at the appropriate time.

*and*

> Scott Gant, Esq.
> sgant@bsfllp.com
> BOIES, SCHILLER & FLEXNER LLP
> 5301 Wisconsin Avenue, NW, Suite 800
> Washington, DC  20015
> Telephone: (202) 237-2727
> Facsimile:  (202) 237-6131

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.

Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Jeffrey J. Angelovic | Jangelovich@npraustin.com |
| Bradley Beckworth | bbeckworth@nixlawfirm.com |
| Dan Little | Dan@littllaw.com |
| Pansy Moore-Shrier | pmoorere-shrier@robinettmurphy.com |
| Lawrence R. Murphy | imurphy@robinettmurphy.com |
| Brad Seidel | bradseidel@nixlawfirm.com |
| Susan Whatley | susanwhatley@nixlaw.com |
| Joseph H. Meltzer | jmeltzer@btkmc.com |
| Sharan Nirmul | snirmul@btkmc.com |
| Edward W. Ciolko | eciolko@btkmc.com |
| Sean M. Handler | edf_filings@btkmc.como |
| Peter H. LeVan, Jr. | plevan@btkmc.com |
| Jonathan Sherman | jsherman@bsfllp.com |

/s/        Weldon Stout_____

u:\wstout\lynne\lynne\mellon bank\pleadings\defendants motion for sj and brief 2-1-10.docx