IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

COMPSOURCE OKLAHOMA, )
individually and on behalf )
of all others similarly )
situated, )
                                )
          Plaintiff, )
                              )
v. )   Case No. CIV-08-469-KEW
                              )
BNY MELLON, N.A. and )
THE BANK OF NEW YORK )
MELLON CORPORATION, )
                              )
          Defendants. )

**OPINION AND ORDER**

      This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Motion to Maintain Confidentiality Designations Pursuant to Parties' Protective Order filed March 16, 2010 (Docket Entry #113) and Defendant's Motion to Maintain Confidentiality Designations Pursuant to Parties' Protective Order filed March 5, 2010 (Docket Entry #106). On November 4, 2009, the parties negotiated and produced to the Court for consideration a Confidentiality Agreement and Protective Order (the "Protective Order"). Under its terms, a party may designate documents as "Confidential" at the time a document is disclosed or produced if they believe, "in good faith," that it is entitled to protection under Fed. R. Civ. P. 26(c). If a document is deemed confidential by a party producing it, the party receiving the document may challenge the designation within 120 days after receipt "by providing written notice to counsel for the party disclosing or

producing the material." The Protective Order provides that the parties are to confer "[w]ithin five (5) business days" to determine if they can agree as to whether the designation is appropriate. If the parties are unable to agree, the producing party is given 30 days from the date of the challenge to file a motion seeking confirmation of the propriety of the designation.

Defendant produced certain documents in the course of discovery which it designated as "Confidential." On February 3, 2010, Plaintiff notified Defendant that it was challenging the designation as to some of the documents produced. On February 10, 2010, Plaintiff's and Defendant's counsel spoke on the telephone concerning the challenge but no resolution was reached. Plaintiff's counsel states he discussed a follow-up call to which Defendant's counsel agreed. Defendant, however, filed its Motion to Maintain Confidentiality Designations on March 5, 2010.

Counsel engaged in further communication after the filing of the Motion but no resolution resulted. Plaintiff's counsel contends Defendant did not comply with the meet and confer requirement of this Court's local rules before filing its motion. If Defendant's counsel had done so, Plaintiff's counsel argues, many of their disputes as to the propriety of the designations would have been resolved and the scope of the Court's review of Defendant's motion would be limited.

Counsel in this case appear once again to be in disagreement concerning the terms of an order which was ostensibly the product of mutual assent. Technically, Defendant's counsel conferred with Plaintiff's counsel and apparently reached the conclusion that further communication was futile while Plaintiff's counsel expected that another conference with Defendant's counsel would be forthcoming. Plaintiff's counsel characterizes Defendant's counsel as having not been in good faith. Defendant's counsel's intent in the manner in which the consultation with Plaintiff's counsel occurred is unknown. The fact remains the parties conferred by telephone, albeit with little result. A violation of the Protective Order or this Court's local rules cannot, therefore, be concluded and the striking of Defendant's motion is not warranted.

Plaintiff's counsel contends the parties could have resolved some of the issues concerning whether the documents designated "confidential" warrant that designation. At some point in the future, counsel will be required to meet, either telephonically or in person, and determine whether any resolution can be reached on all or some of the documents at issue in Defendant's Motion to Maintain Confidentiality Designations Pursuant to Parties' Protective Order. One matter is certain – the disposition of Defendant's motion is only relevant on the issue as to whether the documents may be disseminated and used for purposes outside of this litigation and, therefore, has little bearing upon the orderly

progression of this litigation. The Protective Order sets out a procedure for the full use of documents designated "confidential" in this case and nothing in the Protective Order requires an immediate ruling on the use of the documents outside of this litigation. As a result, Defendant's motion will be held in abeyance pending further order of the Court. This ruling, however, does not preclude counsel from meeting and paring down the documents which may be subject to the "confidential" designation.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendant's Motion to Maintain Confidentiality Designations Pursuant to Parties' Protective Order filed March 16, 2010 (Docket Entry #113) is hereby **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Maintain Confidentiality Designations Pursuant to Parties' Protective Order filed March 5, 2010 (Docket Entry #106) be held in **ABEYANCE**, pending further order of this Court.

IT IS SO ORDERED this 15th day of June, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE