```
IN THE UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF OKLAHOMA
```
FILED
JUN 16 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
     Deputy Clerk

COMPSOURCE OKLAHOMA, )
individually and on behalf )
of all others similarly )
situated, )
)
)
        Plaintiff, )
)
v. ) Case No. CIV-08-469-KEW
)
BNY MELLON, N.A. and )
THE BANK OF NEW YORK )
MELLON CORPORATION, )
)
        Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Compel filed April 15, 2010 (Docket Entry #136). Plaintiff seeks to obtain certain documents from Defendant which were filed under seal in a case designated as <u>Regence Blueshield, et al. v. BNY Mellon Bank, N.A.</u>, 09-CV-618 (W.D. Wash.). In particular, Plaintiff seeks to obtain a copy of a sealed Motion for Sanctions filed on April 8, 2010 in that case. By e-mail dated April 9, 2010, Plaintiff's counsel requested the document from Defendant's counsel and Regence's counsel. Regence's counsel agreed to produce the document, subject to Defendant's counsel "weigh[ing] in" on the matter. Defendant's counsel responded, requesting the "basis for [the request] and why you believe you need it." Plaintiff responded but Defendant's counsel declined to produce the document, stating "[w]e do not believe any of the reasons you have articulated support production of the filings."

Plaintiff has not served a formal discovery request upon either Defendant or the non-party plaintiff in the Regence case for the sealed sanctions motion. Clearly, the Federal Rules of Civil Procedure contemplate such a request prior to seeking an order compelling the production of discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv) ("A party seeking discovery may move for an order compelling . . . production . . . . This motion may be made if: . . . (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – was requested under Rule 34.") This Court will require Plaintiff to serve a formal request for the documents sought upon Defendant and Defendant will be required to object or otherwise respond to the request in accordance with the Federal Rules of Civil Procedure. The requirement for this degree of formality is two-fold – (1) this Court perceives Defendant is improperly shifting the burden to Plaintiff to justify its request when it is Defendant's burden to articulate a specific, relevant objection; and (2) part of Plaintiff's basis for requesting the "documents" from the Regence case is the attachments to the motion in that case have ostensibly been produced in this case subject to a confidentiality agreement and protective order. Plaintiff's request, however, extends to the actual motion filed in that case in addition to the confidential attachments. While Plaintiff represents that the sole reason for sealing the motion in Regence was the presence of and reference to confidential documents, this

Court has nothing before it which, in fact, provides this as the basis for the sealing order of the Regence court. Consequently, this Court is reluctant to potentially thwart the sealing order of a sister court without having the basis for the ruling.

After the documents have been formally requested and an objection has been articulated, Plaintiff is free to file an additional motion to compel. This Court recognizes that this issue may resolve itself, based upon the representations of the parties that the sealing order may be lifted in the Regence case or redacted copies of the filings may be inserted into the record in that case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel filed April 15, 2010 (Docket Entry #136) is hereby **DENIED** at this time subject to re-filing under the terms stated herein.

IT IS SO ORDERED this 16th day of June, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

3