IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 0 2 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

COMPSOURCE OKLAHOMA; and )
BOARD OF TRUSTEES OF THE )
ELECTRICAL WORKERS LOCAL )
NO. 26 PENSION TRUST FUND, )
in its capacity as a fiduciary )
of the Electrical Workers )
Local No. 26 Pension Trust )
Fund, on behalf of themselves )
all others similarly )
situated, )
)
Plaintiffs, )
)
v. ) Case No. CIV-08-469-KEW
)
BNY MELLON, N.A. and )
THE BANK OF NEW YORK )
MELLON, )
)
Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant BNY Mellon, N.A.'s Motion for Summary Judgment Based on Plaintiff's Lack of Capacity to Sue in Federal Court (Docket Entry #98).[1] Briefing is completed on the issues raised in this Motion, including the filing of supplemental briefs with leave of court. Upon review of the filings of the parties, this Court renders this ruling.

Plaintiff CompSource Oklahoma ("CompSource") is a creature of statute, established by Okla. Stat. tit. 85 § 131. The specific

---

1 Subsequent to the filing of the subject Motion, Plaintiff filed an Amended Complaint, adding an additional plaintiff and defendant as well as new claims. The content of the Amended Complaint does not materially affect the relevancy of the single legal issue raised in the Motion, thereby making the refiling of the Motion unnecessary.

purpose for its formation was for

> insuring employers against liability for compensation under Sections 131 through 151 of this title, and for assuring for the persons entitled thereto compensation provided by the workers' compensation law, and for the further purpose of insuring persons, firms and corporations against loss, expense or liability by reason of bodily injury, death by accident, occupational disability, or occupational disease suffered by employees, for which the insured may be liable or have assumed liability.

Okla. Stat. tit. 85 § 131.

The source for CompSource's funding consists of "all premiums received and paid into said fund for insurance issued, all property and securities acquired by and through the use of monies belonging to the fund and all interest earned upon monies belonging to the fund and deposited or invested as herein provided." Okla. Stat. tit. 85 § 131(a).

CompSource's President and Chief Executive Officer is "vested with full power, authority and jurisdiction over CompSource . . . ." The President and CEO is authorized to

> perform any duties which are necessary or convenient in the exercise of any power, authority, or jurisdiction over the fund in the administration thereof, or in connection with the insurance business to be carried on by him or her under ht provisions of Sections 131 through 151 of this title as fully and completely as a governing body of a private insurance carrier might or could do . . . .

Okla. Stat. tit. 85 § 132.

In regard to conducting the business of CompSource, the statute empowers the President and Chief Executive Officer with the "full power and authority to manage and conduct all business and

2

affairs relating to CompSource Oklahoma" including the ability to

> [s]ue and be sued in all the courts of the state, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with CompSource Oklahoma, and administer, manage, or conduct all the business and affairs relating thereto.

Okla. Stat. tit. 85 § 133(1).

Despite the extensive rhetorical ramblings contained in the briefs, the issue presented is relatively simple: does § 133(1) statutorily convey upon CompSource the ability to sue and be sued in a federal court located in the State of Oklahoma? Without the benefit of legal precedent precisely on point from either an Oklahoma state court or a federal court interpreting this section, this Court concludes CompSource possesses the ability to maintain this action.

Defendant contends the Supreme Court of Oklahoma has provided a clear pronouncement as to the meaning of the "sue or be sued" phrase in § 133(1). In the case of State ex rel. Wright v. Oklahoma Corp. Com'n, 170 P.3d 1024 (Okla. 2007), the Oklahoma Supreme Court set forth the indisputable statement that "the State Insurance Fund (CompSource Oklahoma) is an entity that possesses statutory authority to sue and be sued in state courts," citing the case of State ex rel. State Ins. Fund v. JOA, Inc., 78 P.3d 534 (Okla. 2003). The matter before the Court was whether similar authoritative language was utilized in establishing the Indemnity Fund in connection with reimbursing expenses related to

3

rehabilitating polluted petroleum storage tank sites. The language of § 133(1) was cited by analogy in an attempt to identify the manner in which the Oklahoma legislature might confer such authority to "sue or be sued" in an Oklahoma court. Capacity to proceed in federal court in Oklahoma was not an issue in the case.

Similarly, the decision in the JOA case cited in Wright is neither surprising nor inconsistent with a clear reading of the statute, given the issue presented to the Oklahoma Supreme Court. The Court was faced with the issue of whether the predecessor to CompSource, the State Insurance Fund, possessed sovereign immunity under the Governmental Tort Claims Act. The Oklahoma Supreme Court concluded the statutory language of § 133(1) to "sue or be sued" made "a specific class of legal controversies cognizable at law" "in state courts where those actions are not barred by sovereign immunity." Id. at 537. Again, the controversy at issue emanated from a state court action.

The fact these actions interpreted § 133(1) to permit an action by or against CompSource or its predecessor in state court does not preclude an action by or against CompSource in federal court in Oklahoma, since that particular circumstance was before the Oklahoma Supreme Court. Indeed, absent a certification of the issue to it, the Oklahoma Supreme Court would likely not be provided the opportunity to rule upon the capacity of CompSource to proceed in an Oklahoma federal court.

By citing case authority on statutory construction, both parties appear to find the language of § 133(1) to be ambiguous. This Court does not find the language to be subject to multiple interpretations, thus rendering reliance upon the rules of statutory interpretation unnecessary. <u>Jobe v. State ex rel. Dept. of Public Safety</u>, 2010 WL 2584068, 3 (Okla.) ("If a statute is plain and unambiguous, it will not be subjected to judicial construction, but will receive the effect its language dictates."). The language employed by the Oklahoma legislature is all encompassing, including "all" of the courts of the state, which would include both state and federal courts. This interpretation and use of language would be consistent with the intent and purpose of the statutes establishing CompSource and its mission – to insure the payment of worker's compensation claims and protect and invest the funds entrusted to it for that purpose. In order to protect the funds, CompSource must be empowered to intervene, pursue litigation, or defend its interests. By specific statutory designation of capacity, that duty and mission does not end at the federal courthouse door but continues wherever necessary in all of the courts within the geographic confines of the State of Oklahoma. As a result, CompSource will be permitted to prosecute this action.

IT IS THEREFORE ORDERED that Defendant BNY Mellon, N.A.'s Motion for Summary Judgment Based on Plaintiff's Lack of Capacity to Sue in Federal Court (Docket Entry #98) is hereby **DENIED**.

IT IS SO ORDERED this 2nd day of August, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE