IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



FILED
AUG 04 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

COMPSOURCE OKLAHOMA; and )
BOARD OF TRUSTEES OF THE )
ELECTRICAL WORKERS LOCAL )
NO. 26 PENSION TRUST FUND, )
in its capacity as a fiduciary )
of the Electrical Workers )
Local No. 26 Pension Trust )
Fund, on behalf of themselves )
all others similarly )
situated, )
 )
        Plaintiffs, )
 )
v. ) Case No. CIV-08-469-KEW
 )
BNY MELLON, N.A. and )
THE BANK OF NEW YORK )
MELLON, )
 )
        Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Protective Order Regarding Topic 5(c) in Plaintiff's First Notice of 30(b)(6) Deposition of Defendant (Docket Entry #96). Plaintiff CompSource Oklahoma ("CompSource")[1] served Defendant BNY Mellon, N.A. ("BNY") with a notice under Fed. R. Civ. P. 30(b)(6) to depose a corporate representative. CompSource's notice identified twelve areas of inquiry expected at the deposition. Counsel met and conferred prior to the filing of the subject Motion. However, the

---

[1] At the time the subject Motion was filed, CompSource Oklahoma was the only Plaintiff and BNY Mellon, N.A., the only Defendant. An Amended Complaint was filed by Plaintiffs on July 7, 2010 which added a plaintiff and defendant. The filing of the Amended Complaint, however, does not affect the issues presented by the Motion for Protective Order.

parties are in disagreement as to the status of eleven of the twelve topics – CompSource contending the matters are not resolved and BNY asserting CompSource's counsel agreed to withdraw or hold in abeyance all topics, save the one designated as Topic 5(c). Regardless of the conflicting positions of the parties, the Motion before the Court only addresses Topic 5(c) and that will be the sole issue resolved by this Opinion and Order.

This topic as set forth by CompSource in its notice requestes information from BNY's corporate representative as follows:

> For each securities lending participant, BNYM's contention as to whether that securities lending participant satisfied all conditions of effectiveness or conditions precedent relating to the securities lending participant's securities lending agreement. For purposes of this Topic, the terms conditions of effectiveness and conditions precedent (together, for purposes of this Topic, "conditions") shall be given the same meaning as those terms are used in BNYM's securities lending agreements and/or BNYM's Answer and shall also be given their usual and customary dictionary definition. This Topic includes without limitation:
>
> * * *
>
> c. For each securities lending participant BNYM contends has not satisfied all conditions, (i) whether BNYM provided notice of same to the securities lending participant and the content of such notice, (ii) whether BNYM provided the securities lending participant an opportunity to cure the purported failure to satisfy the conditions, (iii) the securities lending participant's efforts to satisfy the conditions, (iv) a description of the conditions BNYM contends have not been satisfied, (v) BNYM's contentions regarding the effectiveness, validity, and terms fo the securities lending participant's securities lending agreement with BNYM, (vi) whether BNYM contends that it did not or does not owe the

2

> securities lending participant the duties and/or obligations set forth in the securities lending participant's securities lending agreement, (vii) any and all duties and/obligations BNYM contends it owes or owed to the securities lending participant, (viii) whether BNYM has performed any of its obligations under the securities lending participant's securities lending agreement and a description of all such obligations performed, (ix) whether BNYM accepted the securities lending participant's performance of any of its obligations under the securities lending participant's securities lending agreement and a description of all such obligations, (x) all amendments made to the securities lending participant's securities lending agreement, and (xi) the amount of fees and /or revenues BNYM received pursuant to its securities lending agreement with the securities lending participant and whether BNYM intends to return such fees.

BNY objects to requiring this information from its corporate representative because (1) it has no "contentions" regarding the matters addressed by the topic due to it not conducting a "systematic analysis" of the conditions of each contract with its securities lending participants; (2) compliance would require a burdensome investigation and analysis of each individual contract and dealings with each putative class member; (3) CompSource has no legitimate need for the information sought; and (4) CompSource is attempting to prematurely engage in discovery into the agreement with putative class members when its own actions with regard to its obligations under the securities lending agreement is currently at issue in this case.

This Court begins from the basic pronouncement contained in the discovery rules – "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). While not specifically set forth in its answer to the Complaint, BNY has at least raised the defense to CompSource's claims that CompSource did not meet a condition precedent under the securities lending agreement with BNY by conducting discovery on that allegation itself. The real question, then, is whether CompSource is entitled to inquire into the same issue with regard to putative class members.

At the outset, discovery was permitted in this case on both the issue of class certification and the merits of the action. CompSource has not yet filed a request for class certification. The parties clearly contemplate such a request as reflected in the Joint Discovery and Scheduling Plan No. 1 proposed by agreement of the litigants and adopted by this Court on August 25, 2009 as modified by the Order entered June 24, 2010.

Moreover, as a part of its burden to demonstrate the propriety and advisability of class certification, CompSource will be required to prove the typicality of the claims of or defenses to the claims of the various putative class members. Fed. R. Civ. P. 23(a)(3). While the requirements for typicality do not mandate that the claims and defenses be identical, CompSource will be required to show it and the class members "possess the same interest and suffer the same injury" and "are based on the same legal or remedial theory." East Texas Motor Freight Systems, Inc.

v. Rodriquez, 431 U.S. 395, 403 (1977); Adamson v. Bowen, 855 F.2d 668, 676 (10th Cir. 1988). In order to determine whether some class members may be subject to the defense BNY has shown a willingness to assert, discovery into the actions and theories of BNY with regard to putative class members is warranted.

BNY contends the discovery would be unduly burdensome. Once a party has requested information through properly propounded discovery, the burden lies upon the party objecting to the request to show that responding to the discovery is unduly burdensome. Zucker v. Sable, 72 F.R.D. 1 (S.D.N.Y. 1975). The mere assertion that a response is overly broad is insufficient to excuse a party from specifically identifying the reason why the interrogatory requires a burdensome response. The fact that compliance with a request will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of a motion to compel. Snowden v. Connaught Laboratories, Inc., 137 F.R.D. 325, 332 (D. Kan. 1991)(citations omitted). "The fact that an unwieldy record keeping system would require heavy expenditures of time and effort to produce requested documents is not a sufficient reason to prevent disclosure of otherwise discoverable material." Id. at p. 332 (citations omitted). Nothing presented by BNY convinces this Court that the production of the information requested would be any more than inconvenient. As a result,

production is not deemed unduly burdensome.

This Court is concerned by the terminology used by CompSource in its request at Topic 5(c). In the multi-part topic, CompSource seeks information on other clients who acted under a securities lending agreement with BNY and BNY's "contentions" regarding those clients and their course of dealing with BNY. This Court seeks to avoid a confrontation in the future whereby BNY now claims it currently has not "contention" but will assert an affirmative defense that a condition contained in the securities lending agreement was not met by a putative class member in the future, but that may be impossible. This Court cannot and will not re-write the language used by CompSource in its discovery request and will, therefore, confront the results of BNY's responses to the request once asserted. The parties are urged to make every effort to avoid this anticipated point of "contention" wherever possible.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order Regarding Topic 5(c) in Plaintiff's First Notice of 30(b)(6) Deposition of Defendant (Docket Entry #96) is hereby **DENIED**.

IT IS SO ORDERED this 4th day of August, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE