IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

COMPSOURCE OKLAHOMA; and )
BOARD OF TRUSTEES OF THE )
ELECTRICAL WORKERS LOCAL )
NO. 26 PENSION TRUST FUND, )
in its capacity as a )
fiduciary of the Electrical )
Workers Local No. 26 Pension )
Trust Fund, on behalf of )
themselves and all others )
similarly situated, )
)
          Plaintiffs, )
)
v. )  Case No. CIV-08-469-KEW
)
BNY MELLON, N.A. and )
THE BANK OF NEW YORK )
MELLON CORPORATION, )
)
          Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant BNY Mellon, N.A.'s Motion to Amend Order Denying Defendant's Motion for Summary Judgment (Docket Entry #174). On August 2, 2010, this Court denied Defendant's summary judgment request, finding that Plaintiff CompSource possessed the ability to sue and be sued in federal court in Oklahoma under the language of Okla. Stat. tit. 85 § 133(1). Defendants now request that the Opinion and Order be amended to permit them to take an interlocutory appeal of that decision.

In order to obtain authority to proceed with an interlocutory appeal under 28 U.S.C. § 1292(b), a party must demonstrate that the order "involves a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The court must make these findings. Interlocutory appeals are not favored and should be granted only in exceptional circumstances. Carpenter v. Boeing Co., 456 F.3d 1183, 1189 (10th Cir. 2006).

While the issue is arguably one of first impression and one of controlling law, this Court cannot conclude there is substantial ground for difference of opinion. Moreover, an immediate appeal will, in all likelihood, not materially advance the termination of the litigation since a second plaintiff has been added to the action. Even if Plaintiff CompSource is found to lack capacity to sue, the remaining Plaintiff could proceed with the same or similar claims. Consequently, the required elements to permit an interlocutory appeal are not met and the amendment of the summary judgment order is unnecessary.

IT IS THEREFORE ORDERED that Defendant BNY Mellon, N.A.'s Motion to Amend Order Denying Defendant's Motion for Summary Judgment (Docket Entry #174) is hereby **DENIED**.

IT IS SO ORDERED this 31st day of January, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE