IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

COMPSOURCE OKLAHOMA;  )
BOARD OF TRUSTEES OF THE  )
ELECTRICAL WORKERS LOCAL  )
NO. 26 PENSION TRUST FUND,  )
in its capacity as a  )
fiduciary of the Electrical  )
Workers Local No. 26 Pension  )
Trust Fund;  )
THE CHILDREN'S HOSPITAL OF  )
PHILADELPHIA FOUNDATION;  )
THE CHILDREN'S HOSPITAL OF  )
PHILADELPHIA, individually  )
and in its capacity as  )
fiduciary of the Children's  )
Hospital of Philadelphia  )
Defined Benefit Master Trust,  )
on behalf of themselves and  )
all others similarly situated,  )
    )
    Plaintiffs,  )
    )
v.  )  Case No. CIV-08-469-KEW
    )
BNY MELLON, N.A. and  )
THE BANK OF NEW YORK  )
MELLON CORPORATION,  )
    )
    Defendants.  )

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion Regarding Defendants' Waiver of Confidential Treatment for Certain Deposition Testimony filed February 10, 2011 (Docket Entry #235). Plaintiffs contend Defendants did not designate portions of certain depositions as "confidential" in accordance with and within the time frame established by the Protective Order agreed to by the parties.

The parties entered into the document entitled

"Confidentiality Agreement and Protective Order" (the "Agreement") which was adopted and executed by this Court. The Agreement set forth the procedure whereby each party could designate documents which were to be filed with the Court as "Confidential," without requiring the filing party to justify the designation at the time of the filing.

On January 20, 2011, Plaintiffs filed a Notice of Defendants' Waiver of Claim of Confidentiality Regarding Deposition Testimony Pursuant to Paragraph 6 of the Confidentiality Agreement and Protective Order. Plaintiffs contended in the Notice, as they do in the subject Motion, that Defendants failed to designate any portion of some twelve depositions taken in this case as "Confidential" in accordance with the terms of the Agreement, thereby waiving their ability to deem the affected depositions as protected from disclosure. On the day Plaintiffs filed the Notice, Defendants sent a letter to Plaintiffs' counsel stating the failure to designate was inadvertent and requested fourteen days within which to designate as "Confidential" portions of eight depositions. On February 2, 2011, Defendants served Plaintiffs' counsel with confidentiality designations for the depositions of six witnesses.[1] Plaintiffs' counsel challenged the designation based upon the alleged waiver of the ability to designate the testimony as

---

[1] The six witnesses' deposition testimony which Defendants tagged as "Confidential" pursuant to the Agreement were William Kelly, Ruth Falchetti, Thomas Ford, Lawrence Mannix, David Tant, and Edward Von Sauers.

2

confidential under the Agreement and because the testimony is not confidential.

The Agreement provides that confidentiality designations of deposition testimony "shall be made either on the record or by written notice to all parties . . . within 30 days of receipt of the transcript." It is not disputed that Defendants did not make the designation within the this time period. The Agreement, however, also contemplates the inadvertent failure to make the designation within this time period by providing that the identification of confidential deposition testimony may be made "within 14 days of discovery of its oversight, provide written notice of the error and substitute appropriately-designated material." Defendants designated certain deposition testimony as "Confidential" within 14 days of being notified of the omission.

Plaintiffs challenge Defendants' designation initially based upon a conclusion that the failure to originally identify the testimony as confidential was not inadvertent. Indeed, Plaintiffs state the failure to designate was "knowing." Plaintiffs base this statement on Defendants' counsels' past invocation and recitation of the terms of the Agreement both to this Court and Plaintiffs' counsel to shield evidence and testimony from disclosure. Plaintiffs draw the conclusion that since "Defendants have demonstrated an obvious and thorough knowledge of the Protective Order's express terms and provisions," they should not be permitted

to claim inadvertence.

This Court has no basis upon which to conclude that Defendants' failure to designate was deliberate. Moreover, on a more practical level, Defendants have nothing to gain from a "knowing" scheme to delay designation. It is certainly conceivable from the mass of discovery being exchanged and the ever-deepening stack of court filings from the parties that a party would inadvertently fail to make confidentiality designations. The Agreement contemplates such an eventuality. Defendants abided by the Agreement in curing the deficiency and did not waive the ability to make the confidentiality designation based upon the delay.

Plaintiffs also allege in the letter challenging Defendants' confidentiality designation that Defendants failed to comply with Paragraph 8 of the Agreement which requires Defendants to substitute appropriately designated material within 14 days of discovery of any oversight in claiming confidentiality. This Court is unsure of the precise meaning and intent of the parties with regard to this requirement and the parties have not seen fit to inform the Court of their positions on the matter other than to simply recite the passage and claim compliance was lacking. As a result, this Court will not enforce such an ambiguously worded term or deem Defendants to have waived confidentiality because of it.

Plaintiffs also assert that Defendants made an untimely

confidentiality designation with regard to the deposition testimony of Defendants' Rule 30(b)(6) representative, Steve Hardin. On February 6, 2011, Defendants provided Plaintiffs with the portions of Mr. Hardin's deposition which were designated as confidential. Presuming Mr. Hardin's deposition transcript was received with the others for which a confidentiality designation was made, Defendants' designation was made 17 days after notice was served by Plaintiffs of the deficiency. Defendants offer no explanation for the later designation, other than making the statement that "the deposition had not been completed." The Agreement provides for the designation of confidentiality deadline to be triggered by the receipt of the transcript – whether the deposition is completed or only partially conducted. The parties have established the ground rules for claiming confidentiality and for the curing of the inadvertent failure to do so. This Court adopted the terms of the Agreement and will enforce them as written, to the extent that they are not ambiguous. In doing so, this Court will not superimpose an additional period of excuse for oversight since the Agreement contemplates such a possibility by its terms. As a result, Defendants are deemed to have waived the confidentiality designation provisions of the Agreement with regard to Mr. Hardin's deposition – as conducted and transcribed thus far.

Plaintiffs also contend the portions of the six depositions designated as "Confidential" by Defendants are not, in fact,

confidential. Defendants contend Plaintiffs did not comply with the provisions allowing challenges to the confidentiality designation since Plaintiffs did not "meet and confer" with Defendants before filing the subject motion. As might be expected, Plaintiffs contend they considered a conversation held on February 10, 2011 as satisfying the "meet and confer" requirement and that the parties had reached an impasse as to the propriety of the claimed confidentiality of the deposition testimony.

This Court has no way of determining whether the parties' communications satisfied the "meet and confer" requirement contained in the Agreement. Suffice it to say the parties are not in agreement on Defendants' designations of confidentiality. However, the vagueness with which Plaintiffs challenge the designated testimony makes it virtually impossible for this Court to rule upon the propriety of the designations. Plaintiffs cite to examples of an improper designation in each deposition but for this Court to rule, the challenges must be more definitive and the basis of the designation must be more precise than has provided by either party to this point. This Court will not paint either the challenge to or the claim of confidentiality with a broad brush.

As this Court has indicated in past attacks upon claims of confidentiality, ruling upon this issue is not imperative to reaching the heart of this case - consideration of class certification and the merits of Plaintiffs' claims. As a result,

the parties shall make the appropriate challenge to confidentiality within the time frame established by the Agreement and shall meet and confer to meaningfully discuss the merits of the claim. At the appropriate time, the parties will be permitted to file a specific and presumably lengthy challenge and defense of the claim of confidentiality as to all of the evidence developed in the case. For now, however, the efforts of the parties are best devoted to completing discovery and bringing the issue of class certification to fruition.

IT IS THEREFORE ORDERED that Plaintiffs' Motion Regarding Defendants' Waiver of Confidential Treatment for Certain Deposition Testimony (Docket Entry #235) is hereby **DENIED** at this time with regard to the six depositions designated by Defendants. The Motion is **GRANTED** with regard to the deposition of Steve Hardin, since the designation was untimely in accordance with the Agreement.

IT IS SO ORDERED this 21st day of June, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE