IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

COMPSOURCE OKLAHOMA; )
BOARD OF TRUSTEES OF THE )
ELECTRICAL WORKERS LOCAL )
NO. 26 PENSION TRUST FUND, )
in its capacity as a )
fiduciary of the Electrical )
Workers Local No. 26 Pension )
Trust Fund; )
THE CHILDREN'S HOSPITAL OF )
PHILADELPHIA FOUNDATION; )
THE CHILDREN'S HOSPITAL OF )
PHILADELPHIA, individually )
and in its capacity as )
fiduciary of the Children's )
Hospital of Philadelphia )
Defined Benefit Master Trust, )
on behalf of themselves and )
all others similarly situated, )
)
          Plaintiffs, )
)
v. )   Case No. CIV-08-469-KEW
)
BNY MELLON, N.A. and )
THE BANK OF NEW YORK )
MELLON CORPORATION, )
)
          Defendants. )

FILED

OCT 19 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
    Deputy Clerk

## OPINION AND ORDER

This matter comes before the Court on Defendants' Expedited Motion to Enlarge the Due Date for Their Opposition to Class Certification filed September 26, 2011 (Docket Entry #406). Defendants seek a four week extension to the deadline established in the Stipulated Modifications to the Joint Discovery and Schedule Plan No. 1 (the "Plan") for the filing of their response to Plaintiffs' Motion for Class Certification filed August 26, 2011.

Defendants assert two bases for requesting this extension. Defendants' counsel state that they are involved in related and unrelated litigation pending in the Central District of California and Southern District of Florida which are set for trial in January of 2012 and October of 2011, respectively. Although Defendants' counsel's law firm employs multiple attorneys, counsel contend that the primary counsel involved in this case are also involved in the two cases in other jurisdictions set for trial.

Defendants also argue that Plaintiffs contributed to the delay in their ability to respond to the Motion for Class Certification in failing to clearly define the proposed class in the Motion. Defendants state some two weeks passed before Plaintiffs' definition of the class was established through outside communication. Specifically, Plaintiffs misidentified an exhibit in the Motion until the proper exhibit number was determined and inconsistencies were resolved with Plaintiffs concerning the information contained in the Motion and the relevant exhibit. Defendants also indicate Plaintiffs could have filed the Motion for Class Certification earlier but chose to wait five months, placing the scheduling closer to the holidays.

Not surprisingly, Plaintiffs oppose the extension, contending the deadline was negotiated when the parties agreed upon the stipulated Plan. At that time, Defendants were afforded more time than would have been allowed under this Court's local rules to

respond to the Motion for Class Certification.  Additionally, Plaintiffs challenge the timing of the required deadline of their reply under the Plan would require considerable work over the impending holidays and delays the hearing on the Motion. Plaintiffs also contend the scheduling in the other cases should not affect the ability of Defendants' counsel to proceed in this case because not all of the counsel in this case are involved in the other cases.  In a subsequent Notice, Plaintiffs also assert Defendants' actions indicate they are simply seeking an extended delay in this case.

Defendants' counsel's scheduling conflicts with other cases are of little persuasion to this Court in moving the response deadline.  The number of lawyers involved in this case fills the first nineteen pages of the docket sheet when printed in this case. Not all are necessary to adequately and zealously represent their clients in all of the cases.  This basis for extension is unfounded.

This Court is, however, somewhat sympathetic with the second justification for extension.  The proposed class in this case is not defined by Plaintiffs simply and distinctly and any confusion caused by their error contributes to Defendants' ability to adequately defend class certification, however inadvertent or obvious the error may have been.  While it is somewhat disputed as to when the confusion and error was clarified and resolved, a two

week delay given the communications between the parties was evident. As a result, the Court will afford Defendants an additional fourteen days from the original response date to file their response to Plaintiff's Motion for Class Certification. Plaintiffs will be afforded an equal extension to the date for reply and the hearing window provided by the Plan will be extended by the same period of time. Should Plaintiffs determined that this schedule is unworkable due to the holidays, this Court will entertain a timely motion to extend their reply deadline for a reasonable period.

IT IS THEREFORE ORDERED that Defendants' Expedited Motion to Enlarge the Due Date for Their Opposition to Class Certification filed September 26, 2011 (Docket Entry #406) is hereby **GRANTED**. Accordingly, Defendants shall file their response to Plaintiffs' Motion for Class Certification no later **NOVEMBER 8, 2011**. Plaintiffs shall file their reply by **DECEMBER 23, 2011**.

IT IS SO ORDERED this 19th day of October, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE