## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

COMPSOURCE OKLAHOMA,               §
BOARD OF TRUSTEES OF THE           §
ELECTRICAL WORKERS LOCAL           §
NO. 26 PENSION TRUST FUND,         §
in its capacity as a fiduciary of the   §
Electrical Workers Local No. 26    §
Pension Trust Fund, CHILDREN'S     §
HOSPITAL OF PHILADELPHIA           §
FOUNDATION, and CHILDREN'S         §
HOSPITAL OF PHILADELPHIA,          §
individually and in its capacity as fiduciary   §
of the Children's Hospital of Philadelphia   §
Defined Benefit Master Trust, on behalf of   §
themselves and all others          §
similarly situated,                §
                                   §
                    *Plaintiffs*,  §          Case No: CIV 08-469-KEW
                                   §
v.                                 §
                                   §
BNY MELLON, N.A. and               §
THE BANK OF NEW YORK MELLON,       §
                                   §
                   *Defendants*.   §

**FILED**

OCT 25 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
        Deputy Clerk

### FINAL ORDER AND JUDGMENT

WHEREAS, the Named Plaintiffs CompSource Oklahoma ("CompSource"), Board of

Trustees of the Electrical Workers Local No. 26 Pension Trust Fund, in its capacity as a fiduciary

of the Electrical Workers Local No. 26 Pension Trust Fund ("IBEW"), Children's Hospital of

Philadelphia Foundation and Children's Hospital of Philadelphia, individually and in its capacity

as fiduciary of the Children's Hospital of Philadelphia Defined Benefit Master Trust ("CHOP")

(collectively, the "Named Plaintiffs"), on behalf of themselves and the members of the Class,

and BNY Mellon, N.A. and The Bank of New York Mellon ("BNY Mellon" or "Defendant")

entered into a Stipulation of Settlement dated as of July 5, 2012 (the "Stipulation"), that provides

for the payment of $280,000,000 and a complete dismissal with prejudice of the claims asserted in the above-referenced litigation against BNY Mellon on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated July 6, 2012 (the "Preliminary Approval Order"), this Court (a) preliminarily certified, for settlement purposes only, the Class; (b) preliminarily approved the Settlement; (c) ordered that notice of the proposed Settlement be provided to members of the Class; (d) provided Foreign Class Members with the opportunity to participate in the Settlement; (e) provided Domestic Class Members with the opportunity to exclude themselves from the proposed Settlement, (f) provided Class Members with the opportunity to object to the proposed Settlement, and (g) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on October 25, 2012 ("Final Approval Hearing) to (a) determine whether the Settlement should be approved by the Court as fair, reasonable and adequate; (b) determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against BNY Mellon with prejudice and extinguishing and releasing all Settled Claims (as defined therein) against all BNY Mellon Releasees and all Class Member Releasees ("Released Parties"); (c) determine whether the Class should be finally certified for settlement purposes pursuant to Fed.R.Civ.P. Rules 23(a) and (b)(3); (d) rule on Class Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; (e) rule on the Named Plaintiffs' requests for Case Contribution Awards; and (f) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court, for purposes of this Final Order and Judgment (the "Judgment") adopts all defined terms as set forth in the Stipulation, and incorporates them herein by reference as if fully set forth.

2. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: the number of Class Members is so numerous that joinder of all Class Members is impracticable;  there are questions of law and fact common to the Class;  the claims of the Named Plaintiffs are typical of the claims of the Class they seek to represent;  the Named Plaintiffs and Class Counsel have at all times fairly and adequately represented the interests of the Class; and  a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:  the interests of the Class Members in individually controlling the prosecution of the separate actions,  the extent and nature of any litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and  the difficulties likely to be encountered in the management of the class action.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court has certified, for settlement purposes only, a Class that shall consist of (i) all clients of BNY Mellon's securities lending business that, as of October 1, 2008, held medium term notes issued either by Sigma Finance Inc. or Sigma Finance Corp. through such client's participation in a collective

investment pool, (ii) the Texas Permanent School Fund, and (iii) The William and Flora Hewlett Foundation. Excluded from the foregoing definition are (i) participants in the Mellon Capital Fund, (ii) The Regence Group Retirement Plan, Regence Blue Cross Blue Shield of Oregon, Regence Blue Cross Blue Shield of Utah, Regence Blue Shield, Regence Blue Shield of Idaho, Regence HMO Oregon, Asuris Northwest Health, Commencement Bay Life Insurance Company, Healthwise and Regence Life and Health Insurance Company ("Regence"), (iii) Pacific Select Funds, (iv) The Bank of Korea, (v) AP1, (vi) The Bank of Colombia, and (vii) Achmea Schadeverzekeringen N.V., Achmea Verzekeringsholding N.V., Achmea P & L Insurance, Stichting Achmea Zorgverzekeringen Beleggingen ("Achmea").

5. The Notice, the Publication Notice on a dedicated website and the notice methodology implemented pursuant to the Stipulation and the Court's orders (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Stipulation, including releases, of their right to object to the proposed Settlement, of their right to participate in the Settlement, of their right to exclude themselves from the Class, and of their right to appear at the Final Approval Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

6. Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Settlement, including, without limitation, the Settlement Amount, the releases set forth therein, and the dismissal with prejudice of the Settled Claims against the Released Parties

set forth therein, is finally approved as fair, reasonable and adequate. The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Stipulation, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

7.     The Action and the Complaint and all claims included therein, as well as all Settled Claims (defined in the Stipulation and in Paragraph 8(c) below), which the Court finds was filed against Defendants on a good faith basis by the Named Plaintiffs and Class Counsel in accordance with Rule 11 of the Federal Rules of Civil Procedure, are dismissed with prejudice as to the Class Member Releasees (defined in the Stipulation and Paragraph 8(b) below), and as against each and all of the BNY Mellon Releasees (defined in the Stipulation and in Paragraph 8(a) below).

(a)     All Domestic Class Members who have not validly and timely requested exclusion, on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the BNY Mellon Releasees from the Settled Claims. Exhibit A attached hereto contains a list of Domestic Class Members who validly and timely requested exclusion.

(b)     All Foreign Class Members who have submitted a valid and timely Election to Participate in Settlement Benefits and Release, on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the BNY Mellon Releasees from the Settled Claims. Exhibit B attached hereto contains a list of Foreign Class Members

who submitted a valid and timely Election to Participate in Settlement Benefits and Release.

(c)     BNY Mellon, on behalf of itself and its predecessors, successors and assigns, is hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Class Member Releasees from the Settled Claims.

The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8.      As used in this Judgment, the terms "BNY Mellon Releasees," "Class Member Releasees," "Settled Claims," and "Unknown Claims" shall have the meanings set forth below:

(a)     "BNY Mellon Releasees" means BNY Mellon, its past or present or future parents, subsidiaries, affiliates, successors and predecessors, and other individuals or entities in which any of the foregoing entities has or had or will have a majority interest or which is or was or will be related to or affiliated with any of the foregoing entities; and the respective officers, directors, agents, fiduciaries, trustees, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, sponsors, settlors, successors, and assigns of all such entities and individuals.

(b)     "Class Member Releasees" means Named Plaintiffs, any or all Class Members, and any or all of their respective past or present or future subsidiaries, affiliates, successors and predecessors, and other individuals or entities in which any of the foregoing entities has or had or will have a majority interest or which is or was or will be related to or affiliated with any of the foregoing entities; and the respective officers, directors, agents, fiduciaries, trustees, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, sponsors, settlors, successors, and assigns of all

6

such entities and individuals.  For the avoidance of doubt, "Class Member Releasees" includes all Named Plaintiff Releasees.

(c)     "Settled Claims" means any claims (including "Unknown Claims"), debts, demands, rights, or causes of action or liabilities whatsoever (including but not limited to any claim for damages, interest, lost earnings or profits, attorneys' fees, litigation expenses, and/or other costs), whether based on federal, state, foreign, statutory, or common law or otherwise, in tort or in contract, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether asserted in a class or individual capacity, that (i) arise from the nucleus of operative facts alleged in the Complaint in the Action that were or could have been asserted in the Action; and (ii) arise from, or that in any manner relate to, any direct or indirect investment by BNY Mellon in Sigma on behalf of any Class Member.

Notwithstanding the foregoing or anything else herein, the term "Settled Claims" does not include:

- any obligation that does not fall within sections (i) or (ii) of this paragraph, including without limitation any contractual duties under any agreement (including but not limited to any securities lending agreement) between any BNY Mellon Releasee and any Class Member Releasees (for the avoidance of doubt, any claim of any nature whatsoever against any BNY Mellon Releasees arising from, or in any way related to, any Class Member's investment in Sigma Notes, are, per above, among the Settled Claims);

- any obligation on the part of any Class Member to satisfy a Sigma Collateral Deficiency;

- any obligation on the part of BNY Mellon to credit to any Class Member (including to such Class Member's Sigma Collateral Deficiency, if any) funds distributed in the Sigma receivership proceedings to, and actually received by, BNY Mellon for the benefit of such Class Member; and

- any right or obligation arising under the Stipulation.

Notwithstanding the foregoing or anything else herein, "Settled Claims" does not include and the Settlement shall not release any claim in the actions entitled:

- *Pacific Select Fund v. The Bank of New York Mellon*; Case No. 8:10-cv-00198; United States District Court; Central District of California; Southern Division (Sigma action);

- *Regence Blueshield, et al. v. The Bank of New York Mellon and BNY Mellon Bank, N.A.*; Case No. 2:09-cv-00618-RSL; United States District Court; Western District of Washington (Seattle) (Sigma action);

- *Banco de la Republica de Colombia v. The Bank of New York Mellon, et al.*; Case No. 1:10-cv-00536; United States District Court; Southern District of New York (Sigma action);

- *Board of Trustees of Southern California IBEW-NECA Defined Contribution Plan v. Bank of N.Y. Mellon Corp.*, No. 09-CV-6273 (RMB) (S.D.N.Y.) (Lehman action);

- *Board of Trustees of the New Jersey Carpenters Annuity & Pension Funds v. Bank of New York Mellon, et al.*, No. 11-CV-1555 (JSR) (S.D.N.Y.), No. 11-4795 (2d Cir.) (Lehman action);

• *The Salvation Army v. The Bank of New York Mellon*, No. 650888/2011 (N.Y. Sup. Ct.) (Lehman action);

• *PACE Industry Union-Management Pension Fund, et al. v. The Bank of New York Mellon, et al.*, No. 11-CV-6292 (JGK) (S.D.N.Y.) (Lehman action);

• *The Board of Trustees of the General Retirement System of the City of Detroit, et al. v. BNY Mellon, N.A., et al.*, No. 11-CV-6345 (S.D.N.Y.) (Lehman action);

• *The State Treasurer of the State of South Carolina v. The Bank of New York Mellon Corporation, et al.*, No. 2011CP400-0533 (S.C. Ct. of Common Pleas) (Lehman action); and

• *North Carolina Department of State Treasurer v. The Bank of New York Mellon, et al.*, 12 CVS 003920 (N.C. Superior Ct. Div. Bus. Ct.) (Lehman action).

(d)    "Unknown Claims" means any and all Settled Claims that any releasing party does not know or suspect to exist in his, her or its favor at the time this Stipulation is executed, approved, or becomes effective, which if known by it might have affected its settlement and release of such claims, or might have affected its decision to enter into or not to object to this Settlement or not to exclude itself from the Class.  The Settling Parties acknowledge that they may hereafter discover facts or legal theories or authorities in addition to or different from those that they now believe to be true.  Notwithstanding the foregoing, the Settling Parties stipulate and agree that, upon the Effective Date, they and all other releasing parties hereunder shall expressly waive, and each shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by

Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims, which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims was separately bargained for and a material element of the Settlement.

9.      Notwithstanding Paragraphs 7 & 8 herein, nothing in this Judgment shall bar any action or claim by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.     This Judgment and the Stipulation, including any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

(a)     shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof; and

(b)     is not, and shall not be deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation; the amount of

damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

11.     The Court hereby appoints The Garden City Group as Settlement Administrator and Wells Fargo National Association as Escrow Agent.

12.     The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

13.     The Court finds that the Settling Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein, and that Named Plaintiffs and Class Counsel at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action as to each Defendant in accordance with Federal Rule of Civil Procedure 11.  The Court further finds that the Named Plaintiffs and Class Counsel adequately represented the Class Members in entering into and implementing the Settlement.

14.     No Class Member shall have any claim against Class Counsel, the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.

15.     Subject to paragraphs 32 and 33 of the Stipulation, neither Defendants nor their counsel, shall have any responsibility for, interest in, or liability whatsoever with respect to: (a) the provisions of the Notice, locating Class Members, soliciting Elections or claims administration; (b) the design, administration or implementation of the Plan of Allocation; (c) the determination or administration of taxes; (d) any act, omission or determination of Class

11

Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (e) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (f) the Plan of Allocation; (g) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (h) the administration of the Escrow Account; (i) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (j) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns; or (k) any expenses, costs, or losses incurred in connection with any of the above.

16.     No Class Member shall have any claim against the BNY Mellon Releasees or BNY Mellon's Counsel with respect to: (a) any act, omission or determination of Class Counsel, the Escrow Agent or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (e) the administration of the Escrow Account; (f) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (g) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

17.     Any order approving or modifying the Plan of Allocation set forth in the Notice, the application by Class Counsel for an award of attorneys' fees and reimbursement of expenses,

or any request of the Named Plaintiffs for reimbursement of reasonable costs and expenses shall not disturb or affect the Finality of this Judgment, the Stipulation or the Settlement contained therein.

18.     The Court finds that the Settling Parties and their counsel provided proper notice to BNY Mellon's regulator in compliance with the Class Action Fairness Act.

19.     The Notice stated that Class Counsel would move for attorneys' fees in an amount not to exceed 25% of the Gross Settlement Fund and the reimbursement of expenses from the Gross Settlement Fund in an amount not to exceed $3,000,000.00.   In their Motion for Final Approval, Class Counsel requested attorneys' fees of 25% of the Gross Settlement Fund and $2,475,939.96 for reimbursement of expenses.

20.     Class Counsel is hereby awarded a total of $2,475,939.96 in reimbursement of expenses, plus accrued interest.  Class Counsel is hereby awarded attorneys' fees in the amount of 25% of the Gross Settlement Fund ($70,000,000.00), plus accrued interest, which sums the Court finds to be fair and reasonable.  The foregoing awards of fees and expenses shall be paid to Nix, Patterson & Roach, LLP from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.  The appointment and distribution among Plaintiffs' Counsel of any award of attorneys' fees shall be within Nix, Patterson & Roach, LLP's sole discretion.

21.     The Named Plaintiffs are hereby awarded $50,000.00 each for their costs and expenses directly relating to the representation of the Class, which the Court finds is fair and reasonable, plus accrued interest, which sum the Court finds to be fair and reasonable.  The foregoing awards of costs and expenses shall be paid to the Named Plaintiffs from the Gross

Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.

22.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court makes the following findings of fact and conclusions of law:

(a)    In the Tenth Circuit the preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method.  *See, e.g., Gottlieb v. Barry*, 43 F.3d 486 (10th Cir. 1994);

(b)    Under this approach the trial court evaluates the reasonableness of the requested percentage by analyzing the applicable factors contained in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *see Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir. 1988);

(c)    A majority of circuits recognize that trial courts have the discretion to award fees based solely on a percentage of the fund approach and are not required to conduct a lodestar analysis in common fund class actions.  *See, e.g., Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012);

(d)    An award of 25% is on the low end of the range of acceptable fee awards in common fund cases, which ranges between 22% and 37%, and more in some cases.  *See, e.g., id.* at 455 n.2;

(e)    Each Class Representative is sophisticated institutional investor who negotiated at arms' length and agreed to the 25% fee at the outset of this litigation, reflecting the value

the Class Representatives placed on the future success of this Action.   Each Class Representative continues to endorse the 25% fee as fair and reasonable;

(f)     The former Oklahoma Federal Judge and United States Attorney who mediated the Settlement stated his opinion that Class Counsel's request for a 25% fee is fair and reasonable under the specific facts and circumstances of this case;

(g)     This Action posed highly complex issues and risks due to the unique and novel subject matter that securities lending cases involve;

(h)     The Settlement has created a fund of $280,000,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members will benefit from the Settlement;

(i)     Over 375 copies of the Notice were disseminated to putative Class Members stating that Class Counsel were moving for attorneys' fees not to exceed 25% of the Gross Settlement Fund and reimbursement of expenses from the Gross Settlement Fund in a total amount not to exceed $3,000,000.00.   Class Counsel filed its application for attorneys' fees and reimbursement of expenses seven (7) days prior to the deadline for objections in this Action, and zero (0) objections were filed by Class Members against the terms of the proposed Settlement or the fees and expenses contained in the Notice and Class Counsel's application;

(j)     Class Counsel has conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

(k)     The Action was actively prosecuted for nearly three and two-thirds years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(l)     During discovery in this case, the Plaintiffs' Counsel produced and/or reviewed nearly five million pages of documents: in total, 4,625,451 pages were produced by Defendants, 286,436 by Named Plaintiffs, and approximately 52,000 by third parties. Plaintiffs' Counsel took and/or defensed a total of 58 depositions, 12 of which took place over multiple days.  These depositions took place in eight different states across the country:  New York, Texas, California, Maryland, Oklahoma, Pennsylvania, Florida and Missouri.  These depositions resulted in 16,396 pages of recorded testimony and the inclusion of 1,734 exhibits;

(m)     Plaintiffs' Counsel has advanced in excess of the requested $2,475,939.96 in costs and expenses to fund the litigation of this Action;

(n)     The time, effort, and expense Class Counsel and Plaintiffs' Counsel has expended in this Action easily supports an award of 25%;

(o)     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Defendants; and

(p)     The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with awards in similar cases.

23.     Without affecting the Finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Member Releasees and the BNY Mellon Releasees for purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (b) hearing and determining any application by Class Counsel for an award of attorneys' fees, costs,

and expenses and/or reimbursement to the Named Plaintiffs, if such determinations were not made at the Fairness Hearing; (c) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (d) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Stipulation.

24.     In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulation for any reason whatsoever, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Stipulation, including with respect to the repayment by Class Counsel of attorneys' fees and costs that are awarded by the Court, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

25.     In the event that, prior to the Effective Date, the Named Plaintiffs or BNY Mellon institutes any legal action against the other to enforce any provision of the Stipulation or this Judgment or to declare rights or obligations thereunder, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs incurred in connection with any such action.

26.     There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 25th day of October 2012.

HON. KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE